IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CYNTHIA LYNN BEERS, <br> Petitioner, By and Through <br> BYRON MELVIN BEERS, <br><br> Petitioner-Relator/Next Friend, <br><br> v. <br><br> CHUCK KEETON, a Corporate Entity, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. A. No. 10-574-GMS <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM

### I. INTRODUCTION

Presently before the court is a petition for an emergency writ of habeas corpus ("petition") filed by petitioner-relator/next friend Byron Melvin Beers, (" Byron") , on behalf of petitioner Cynthia Lynn Beers ("Beers"). (D.I. 1.) Beers is currently incarcerated in the Central Arizona Detention Center located in Florence, Arizona.

The petition alleges that respondent "is a corporation for profit" holding Beers in the Central Arizona Detention Center" against her will, over her objection, and without her consent. *Id.* at p. 1. According to the petition, respondent is unlawfully detaining Beers because "no criminal action in the State of Arizona has been commenced against [her] by the filing of an affidavit/complaint, or by a competent fact witness, alleging the necessary and essential facts sufficient to constitute the elements of a crime that would invoke a lawful court's jurisdiction in the first instance." *Id.* The petition asserts that this court can review the instant proceeding because it has jurisdiction over corporations incorporated in the State of Delaware, and respondent is a corporation "directly linked to corporations . . . incorporated with the

corporations division secretary of state of Delaware." *Id.* at 2. And finally, the petition asks that the court "demand [Beers'] immediate discharge." *Id.* at pp. 2-3.

## II. DISCUSSION

Pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Court, 28 U.S.C. foll. § 2255, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Having reviewed the face of the instant petition, the court concludes that summary dismissal is appropriate in this case.

First, before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue pursuant to Article III of the United States Constitution.[1] *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990); U.S. CONST. art. III, § 2. Although, as a general rule, one *pro se* litigant may not act as an attorney for another individual,[2] a person with "next friend" standing may prosecute a habeas petition on behalf of a prisoner. *See generally Whitmore*, 495 U.S. 149. A person establishes "next friend" standing by demonstrating that the prisoner "is unable, usually because of mental incompetence or inaccessibility, to seek relief himself," and that the "next friend" has some "significant

---

[1] Article III standing is a jurisdictional requirement, which a court is obligated to raise *sua sponte*. *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003); *Desi's Pizza Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 420 (3d Cir. 2003).

[2] *See* 28 U.S.C. § 1654; *Alexander v. New Jersey State Parole Bd.*, 160 Fed. Appx. 249, 250 n.1 (3d Cir. 2005)(non-precedential); *Harris v. Philadelphia Police Dep't*, 2006 WL 3025882 (E. D. Pa. Oct. 20, 2006.); *In the Matter of Chojecki*, 2000 WL 679000, at *2 (E.D. Pa. May 22, 2000)(citing *United States v. Stepard*, 876 F. Supp. 214, 215 (D. Ariz. 1994) ("Although a non-attorney may appear *in propria persona* on his own behalf, that privilege is personal to him and he has no authority to appear as the attorney for anyone other than himself.").)

relationship" with the prisoner and is truly dedicated to best interests of the prisoner. *Whitmore*, 495 U.S. at 162-64. The burden of proving "next friend" status rests with the moving party. *Id.* at 163.

Here, the fact that Byron filed the pending petition as Beers' "husband and with her power of attorney" does not demonstrate that he is truly dedicated to the best interests of Beers or that Beers is unable to litigate her own case due to mental incapacity, lack of access to a court, or a similar disability. *See, e.g., Barlow v. Farber*, 2006 WL 842422, at *3 (D.N.J. Mar. 29, 2006). Accordingly, the court concludes that it lacks subject matter jurisdiction over the petition because Byron lacks standing to pursue habeas relief on behalf of Beers.

Aside from the question of Byron's standing to sue, the court also concludes that it must dismiss the petition because Byron and Beers have not demonstrated that the court has jurisdiction to consider the petition under the two possible methods of relief available to federal prisoners: 28 U.S.C. § 2241 and 28 U.S.C. § 2255. To begin, the court has discovered that Beers is awaiting trial in two criminal cases pending in the United States District Court for the District of Arizona: *Beers v. United States*, Crim. Act. No. 06-36-SRB; *Beers v. United States*, Crim. Act. No. 10-878-JAT. Because these two trials are scheduled to begin in November 2010, it appears that Beers is challenging her pre-trial custody pursuant to 28 U.S.C. § 2241. *See Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004); *Paladino v. King*, 247 Fed. Appx. 393, 394-94 (3d Cir. 2007)(petitioner's challenges to pre-trial incarceration properly brought in a § 2241 petition). Nevertheless, the court does not have jurisdiction to consider the instant petition under

§ 2241 because such petitions must be filed in the district of confinement[3] which, in this case, is located in the State of Arizona.

Construing the petition as filed under § 2255 also fails to aid Beers in her quest for relief. Section 2255 motions are used to challenge the legality of a federal prisoner's conviction or sentence, and must be filed in the sentencing court. See 28 U.S.C. § 2255(a); *Davis v. United States*, 417 U.S. 333, 343 (1974); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Here, the court does not have jurisdiction to review the instant petition under § 2255 because Beers has not been convicted or sentenced in this court for any case or charges related to the instant petition. Thus, whether the petition is construed as filed under § 2241 or § 2255, the case cannot proceed in this court.

## III. CONCLUSION

For the reasons set forth above, the court will dismiss Beers' petition for emergency writ of habeas corpus in its entirety for lack of jurisdiction without issuing a certificate of appealability. See 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008). A separate order will be issued. See Fed. R. Civ. P. 58(a)("every judgment must be set out in a separate document").

Sept 28, 2010
DATE

CHIEF, UNITED STATES DISTRICT JUDGE

---

[3] See *United States v. Jack*, 774 F.2d 605, 607 n.1 (3d Cir. 1985)(a habeas corpus petition pursuant to § 2241 is appropriate in the district of confinement).

4